IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00152-PAB-KMT

DINKUM SYSTEMS, INC., a Colorado corporation,

    Plaintiff,

v.

WOODMAN LABS, INC., d/b/a GoPro, a Delaware Corporation,

    Defendant.

# ORDER

This matter is before the Court on the partial motion to dismiss filed by defendant Woodman Labs, Inc., d/b/a GoPro ("GoPro"). GoPro seeks dismissal of plaintiff Dinkum Systems, Inc.'s ("Dinkum") second, third, and fourth claims for relief. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Dinkum is a Boulder, Colorado-based company that manufactures accessories for cameras. At issue are two of Dinkum's products, ActionPod and ActionPod PRO (the "ActionPod products"), which allow photographers to mount cameras to a wide range of surfaces and equipment. According to Dinkum, sometime in 2012, Dinkum and GoPro entered into a promotional relationship, wherein GoPro invited Dinkum to display the ActionPod products in GoPro's booths at various industry events and trade shows, thus giving GoPro substantial familiarity with the ActionPod products. Docket No. 1 at 4, 5, ¶¶ 26, 29. In late 2013, GoPro released a similar product, the Jaws Flex

Clamp. *Compare* Docket No. 1-1 *with* Docket No. 1-2.

Dinkum alleges that GoPro intentionally copied the ActionPod products, and brings a federal claim for patent infringement, as well as state law claims for common law unfair competition, violation of the Colorado Consumer Protection Act ("CCPA"), and unjust enrichment. GoPro moves to dismiss all three of Dinkum's state law claims.

## II. STANDARD OF REVIEW

The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim. Fed. R. Civ. P. 12(b)(6); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*,

534 F.3d 1282, 1286 (10th Cir.2008).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III.  DISCUSSION

### A.  Unfair Competition

Dinkum brings a claim for unfair competition under Colorado law.  The Supreme Court has held that states "may protect businesses in the use of their trademarks, labels, or distinctive dress in the packaging of goods so as to prevent others, by imitating such markings, from misleading purchasers as to the source of the goods." *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 232 (1964).  Under Colorado law, "the tort of unfair competition requires, first, that the defendant has copied the plaintiff's products or services or misappropriated plaintiff's name or operations in some regard, and second, that this conduct is likely to deceive or confuse the public because of the difficulties in distinguishing between the plaintiff's and defendant's products and services." *NetQuote, Inc. v. Byrd*, 504 F. Supp. 2d 1126, 1131 (D. Colo. 2007).  Generally, unfair competition has been limited to protection against "copying of nonfunctional aspects of consumer products which have acquired secondary meaning

such that they operate as a designation of source." *HealthONE of Denver, Inc. v. UnitedHealth Group Inc.*, 805 F. Supp. 2d 1115, 1123 (D. Colo. 2011) (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 158 (1989)).  The tort of unfair competition cannot protect functional elements of a product, as "[t]here is only one source of exclusive rights in functional or utilitarian features–utility patent law." *McCarthy on Trademarks and Unfair Competition* § 7:64 (4th ed.) (citing *Qualitex Co v. Jacobson Products Co., Inc.*, 514 U.S. 159, 164 (1995)); *see also Global Manufacture Grp., LLC v. Gadget Universe.Com*, 417 F. Supp. 2d 1161, 1167 (S.D. Cal. 2006) ("[t]he physical details and design of a product may be protected under the trademark laws only if they are nonfunctional") (quotation and citation omitted); *Aurora World, Inc. v. Ty Inc.*, 719 F. Supp. 2d 1115, 1146 (C.D. Cal. 2009) (nonfunctional elements of a product are not protected under trademark law because "there exists a fundamental right to compete through imitation of a competitor's product, which right can only be temporarily denied by the patent or copyright laws") (quoting *Clamp Mfg. Co., Inc. v. Enco Mfg. Co., Inc.*, 870 F.2d 512, 516 (9th Cir. 1989).

GoPro argues that Dinkum has failed to identify with specificity any nonfunctional elements of the ActionPod products that qualify for protection under plaintiff's state law claims.  Specifically, GoPro states that Dinkum is unable to protect the functional aspects of the ActionPod products because patent law preempts state law protection for a product's functional aspects.  Docket No. 23 at 8 (*citing Qualitex*, 514 U.S. at 164). In response, Dinkum does not dispute that patent law preempts state law protection for functional aspects of its products.  Its state law claims recognize this fact since the

premise of each is that GoPro copied the "nonfunctional aspects" of the ActionPod products.  See Docket No. 1 at 7-8, ¶¶ 44 ("GoPro engaged in the tort of unfair competition under Colorado law when it copied . . . nonfunctional aspects of Dinkum's ActionPod products, which have acquired secondary meaning such that they operate as a designation of source"); 50 ("GoPro copied . . . nonfunctional aspects such as color, look and feel, which have acquired secondary meaning such that they operate as a designation of source"); 58 ("By copying the ActionPod products. . ."). However, rather than respond to GoPro's argument that Dinkum's state law claims are defective for failure to identify specifically what nonfunctional aspects of the products GoPro copied, Dinkum argues that it is not asserting trade dress claims under the Lanham Act, which misses the point.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are inadequate to state a claim for which relief can be granted. *Iqbal*, 556 U.S. at 678-79.  The Court agrees with GoPro that Dinkum has not alleged sufficient facts to support its claim that GoPro copied any protectable, nonfunctional elements of the ActionPod products.[1]  The complaint alleges only that GoPro copied the products' "color, look and feel", which Dinkum asserts "have acquired secondary meaning such that they operate as a designation of source."  Docket No. 1 at 5, ¶ 35; *see also id.* at 7, ¶ 50 ("GoPro copied . . . nonfunctional aspects such as color, look and feel, which have acquired secondary meaning such that they operate as a designation

---

[1] GoPro also argues for dismissal on the basis that the elements that Dinkum claims were copied are functional.  See Docket No. 23 at 8-10.  Because the Court finds that Dinkum has failed to allege the nonfunctional aspects of the ActionPod products that were copied, the Court need not address this issue.

of source").

Although color alone can gain secondary meaning, *Qualitex*, 514 U.S. at 171-72, Dinkum fails to allege what color has gained secondary meaning.  Moreover, Dinkum alleges no "facts which would support a finding that in the minds of the public, the primary significance" of the ActionPod products' color "is to identify the source of the product rather than the product itself."  *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 2012 WL 3240442 at *7 (S.D.N.Y. Aug. 7, 2012) (dismissing trade dress claim for failure to allege that nonfunctional aspects of product had acquired secondary meaning) (citation and quotation omitted).[2]  As for the products' "look and feel," the Court finds that these concepts are too vague for the Court to assess whether Dinkum's unfair competition claim incorporates functional elements of the ActionPod products.  *See ID7D Co., Ltd. v. Sears Holding Corp.*, 2012 WL 1247329 at *7 (D. Conn. Apr. 13, 2012) (dismissing trade dress claim where plaintiff "failed to plead in its complaint that any of the specific elements" of its product "are non-functional"); *see also Glassybaby, LLC v. Provide Gifts, Inc.*, 2011 WL 2218583 at *2 (W.D. Wash. June 6, 2011) ("Plaintiff must plead with at least some detail what the purported design is and how it is nonfunctional").  Here, Dinkum alleges no facts that describe nonfunctional details of the ActionPod products' "look and feel."  In fact, the

---

[2]GoPro asks the Court to take judicial notice of Dinkum's trademark application for the ActionPod products and the United States Patent and Trademark Office's February 6, 2014 Office Action with respect to Dinkum's application.  Docket No. 24.  The Court determines that it is able to rule on GoPro's motion without reference to these materials.  GoPro's Request for Judicial Notice is therefore denied as moot.  Although the Court will not consider Dinkum's trademark application on a 12(b)(6) motion, Dinkum does not dispute that its trade dress application disclaimed any protection for color.  *See* Docket No. 23 at 11.

only details of the ActionPod products in the complaint describe elements that are undoubtedly functional. *See* Docket No. 1 at 3, ¶ 20 ("The ActionPod Products are proprietary camera accessories that *allow a photographer to mount a camera to accessible structures* or objects *in numerous adjustable positions* while *still providing a stable base for taking pictures.*") (emphasis added).

Dinkum argues that the tort of unfair competition is not limited to federal intellectual property rights, but rather that the "universal test is whether the public is likely to be deceived." Docket No. 26 at 8 (quoting *NetQuote*, 504 F. Supp. 2d at 1130). The broad nature of the unfair competition tort, however, does not absolve Dinkum from alleging a protectable interest in the elements of its design that it claims were copied. As discussed above, functional elements are protected exclusively by patent law. Under well-established law, copying unpatented, functional elements of a design is expressly permitted, even if it creates consumer confusion. *Sears*, 376 U.S. at 232 ("mere inability of the public to tell two identical articles apart is not enough to support an injunction against copying or an award of damages for copying that which the federal patent laws permit to be copied"); *see also Shakespeare Co. v. Silstar Corp. of Am., Inc.*, 9 F.3d 1091, 1104 (4th Cir. 1993) (noting the "strong federal policy against granting perpetual private rights in functional designs").

Because Dinkum has provided no more than bare allegations that GoPro copied nonfunctional aspects of the ActionPod products, it has not stated a claim for unfair competition. *Iqbal*, 556 U.S. at 678-79.[3]

---

[3]Dinkum also claims that GoPro "misappropriated and exploited [its] business values, including without limitation, the skill and labor of Dinkum related to creation and

### B. Colorado Consumer Protection Act

Dinkum alleges that GoPro has engaged in deceptive trade practices in violation of the CCPA, Colo. Rev. Stat. § 6-1-101 *et seq.* Docket No. 1 at 7-8, ¶¶ 48-56. A CCPA cause of action consists of the following elements: "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 146-47 (Colo. 2003).

Dinkum's CCPA claim relies on the same conduct alleged in its unfair competition claim, namely, that GoPro "cop[ied] the ActionPod Products to create the Jaws Flex Clamp, including nonfunctional aspects such as color, look and feel, which have acquired secondary meaning." Docket No. 1 at 7, ¶ 50. As discussed above, Dinkum has not pled facts sufficient to support a finding that any of the allegedly copied aspects of its products are protectable under a theory of common law unfair

---

promotion of its ActionPod Products." Docket No. 1 at 7, ¶ 45. While the tort of unfair competition "prohibit[s] unfair misappropriation of a competitor's business values," *Am. Television and Commc'n Corp. v. Manning*, 651 P.2d 440, 445 (Colo. App. 1982), the prohibition on misappropriating business values does not "expand unfair competition to cover every instance in which an individual capitalizes upon the skill and efforts of another." *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1476 (D. Colo. 1996). Here, because Dinkum has not alleged sufficient factual information to support a finding that any of the copied elements of its products are protectable and not preempted by patent law, it cannot state a claim for misappropriation of its business values.

competition. Nor does Dinkum plead any other "legally protected interest" other than its allegations that GoPro copied its design. As such, Dinkum fails to state a claim under the CCPA.

### C. Unjust Enrichment

Dinkum's fourth claim for relief is for unjust enrichment. Recovery under an unjust enrichment theory requires a showing that: "(1) at plaintiff's expense, (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1007 (Colo. 2008). Once again, Dinkum's unjust enrichment claim is based on alleged copying of aspects of products that Dinkum has not shown are protectable under state common law. *See* Docket No. 1 at 8, ¶ 58. While Dinkum alleges that GoPro has gained an unjust benefit by "misappropriating [its] skill and labor . . . as well as the industry goodwill associated with the ActionPod Products," *id.*, recovery under this theory cannot be based on functional aspects. *Sears*, 376 U.S. at 231 ("Sharing in the goodwill of an article unprotected by patent or trade-mark is the exercise of a right possessed by all–and in the free exercise of which the consuming public is deeply interested" (quoting *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 122 (1938)); *see also Shock-Tek, LLC v. Trek Bicycle Corp.*, 2001 WL 1680191 at *4 (E.D. Mich. Dec. 18, 2001) (dismissing unjust enrichment claim because "there is no prohibition against the copying" of a functional design). Because it has not alleged facts that support the conclusion that the copied elements of its products were nonfunctional and have acquired secondary meaning, Dinkum has not stated a cause

of action for unjust enrichment.

## IV. LEAVE TO AMEND

As a final note, Dinkum requests that, should the Court find that it failed to state a claim for violation of the CCPA, the Court should treat GoPro's motion as a Rule 12(e) motion for a more definite statement and allow Dinkum "the opportunity to amend prior to any dismissal of its claims." Docket No. 26 at 12. Dinkum, however, has not filed a motion to amend. The Local Rules of this District are clear that a "motion shall not be included in a response or reply to the original motion," but rather "shall be made in a separate document." D.C.COLO.LCivR 7.1(d).

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Partial Motion to Dismiss Plaintiff Dinkum Systems, Inc.'s Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 23] is **GRANTED**. It is further

**ORDERED** that plaintiff's second, third, and fourth claims for relief are dismissed.

DATED September 8, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge